# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JILLIAN RIGHTMYER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 23-1925** |
| **v.** | : | |
| | : | |
| **PHILLY PREGNANCY CENTER,** | : | |
| **P.C.,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    MARCH 1, 2024

## MEMORANDUM OPINION

**INTRODUCTION**

This matter arises out of the allegations of Plaintiff Jillian Rightmyer ("Plaintiff") concerning the negligent medical care she allegedly received from her healthcare providers, Defendants Philly Pregnancy Center ("Defendant PPC"), Dr. Ozzie Geifman-Holtzman ("Dr. Geifman-Holtzman") (collectively, "Moving Defendants"), and Defendant Nurse Theresa Smigo ("Nurse Smigo"),[1] over the course of Plaintiff's prenatal care. Plaintiff asserts state law claims for negligence, assault, battery, breach of contract, and negligent and intentional infliction of emotional distress, as well as federal claims for racial discrimination under 42 U.S.C. § 1981 and the Affordable Care Act.

Presently, before this Court is Moving Defendants' motion to dismiss the amended complaint in which they argue that Plaintiff has failed to allege facts sufficient to assert any viable claims against them. (ECF 12). Plaintiff opposes the motion. (ECF 13). For the reasons set forth herein, Moving Defendants' motion to dismiss is granted.

---

[1]      Defendant Nurse Smigo has filed her own motion to dismiss, which will be addressed separately from this Memorandum Opinion.

**BACKGROUND**

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Here, the salient facts alleged in Plaintiff's amended complaint are summarized as follows:

> Plaintiff is an African American, Muslim woman. Defendant Dr. Geifman-Holtzman is a Caucasian medical doctor and the owner of Defendant PPC. At the time of her amended complaint, Plaintiff had been a patient of Moving Defendants for years. In 2022, Plaintiff became pregnant and chose Moving Defendants for her prenatal care. Throughout her pregnancy, Plaintiff noticed that she was rarely seen by any medical doctor but instead was seen by a nurse. Plaintiff also noticed that her prenatal care was "subpar," but she did not want to change medical providers in the middle of her pregnancy. (Am. Compl., ECF 9, at ¶ 16).

> In early October 2022, Plaintiff began experiencing extreme back pain. She made an appointment to see "Defendant in person" and conveyed her symptoms to "Defendant." (*Id.* at ¶¶ 18-19). After requesting a "note for work," Defendant Nurse Smigo, who is Caucasian, went on a tirade, accused Plaintiff of lying about her pain, and called Plaintiff a "piece of shit." (*Id.* at ¶¶ 19, 21). Defendant Nurse Smigo also questioned Plaintiff's motives for getting pregnant and suggested that taking off from work would be fraud. Defendant Nurse Smigo then called the police.

> Sometime after this incident, Plaintiff went into early labor and delivered her baby. Plaintiff's baby had to stay at the hospital "longer than usual." (*Id.* at ¶ 33).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss, courts must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As noted, Plaintiff asserts various state law and federal racial discrimination claims premised on the "subpar" medical care she allegedly received from Moving Defendants during her pregnancy. Moving Defendants move to dismiss each of these claims on the basis that Plaintiff has failed to allege facts sufficient to plausibly state the claims. Each claim is addressed below.

*Negligence (Count I)*

At Count I of the amended complaint, Plaintiff asserts a state law claim for negligence against Moving Defendants premised on allegations that Moving Defendants' provision of medical care fell below the requisite standards of care. Moving Defendants move to dismiss this claim on the basis that Plaintiff failed to include a certificate of merit ("COM") from an appropriate licensed professional, as required in all professional negligence claims pursuant to Pennsylvania Rule of Civil Procedure ("Pennsylvania Rule") 1042.3. In response to this argument, Plaintiff notes that her amended complaint included a COM but makes no argument in response to Moving Defendants' substantive challenge to the attached certificate of merit.

Plaintiff's state law claims are governed by substantive Pennsylvania state law under the Erie Doctrine. *See Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008) (explaining that state law governs substantive state law claims in a federal court when the court's jurisdiction to hear

those claims is based on supplemental or diversity jurisdiction).   Pennsylvania Rule 1042.3 requires a plaintiff alleging professional negligence to file a COM affirming that the allegations are supported by an expert's opinion, within sixty days of filing the complaint.  Pa. R. Civ. P. 1042.3.  The United States Court of Appeals for the Third Circuit (the "Third Circuit") has held that Pennsylvania Rule 1042.3 is a substantive law that must be applied in professional liability cases arising under Pennsylvania common law in federal court.  *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011); *see also Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008) (noting that Pennsylvania federal courts "have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court").   Accordingly, Plaintiff's professional negligence claims must be supported with a proper certificate of merit.

Here, Plaintiff's amended complaint includes a COM from Tiffany Swann, a licensed professional registered nurse who specializes in care management.   Moving Defendants argue, however, that Ms. Swann's COM fails to meet the substantive requirements of Pennsylvania Rule 1042.3 with respect to the negligence claims asserted against Moving Defendants, *i.e.*, a physician and his professional clinic, because Ms. Swann, a registered nurse, is not an appropriate licensed professional with respect to the negligence claims asserted against Moving Defendants, a medical doctor and his professional clinic.

The note to Pennsylvania Rule 1042.3(a)(1) provides:

> It is not required that the "appropriate licensed professional" who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial.  It is required, however, that the "appropriate licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the

trial court would find them sufficient to allow that expert to testify at trial. ***For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.512***.

Pa. R. Civ. P. No. 1042.3(a)(1) (emphasis added).  Section 512 of the MCARE Act provides:

**(a) General rule.--**No person shall be competent to offer an expert medical opinion in a medical professional liability action against a physician unless that person possesses sufficient education, training, knowledge and experience to provide credible, competent testimony and fulfills the additional qualifications set forth in this section as applicable.

**(b) Medical testimony.--**An expert testifying on a medical matter, including the standard of care, risks and alternatives, causation and the nature and extent of the injury, must meet the following qualifications:

(1) Possess an unrestricted physician's license to practice medicine in any state or the District of Columbia.

(2) Be engaged in or retired within the previous five years from active clinical practice or teaching.

Provided, however, the court may waive the requirements of this subsection for an expert on a matter other than the standard of care if the court determines that the expert is otherwise competent to testify about medical or scientific issues by virtue of education, training or experience.

**(c) Standard of care.--**In addition to the requirements set forth in subsections (a) and (b), an expert testifying as to a physician's standard of care also must meet the following qualifications:

(1) Be substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care.

(2) Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).

> (3) In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board, except as provided in subsection (e).

40 Pa. Cons. Stat. § 1303.512. As a licensed registered nurse and not a licensed physician, Ms. Swann does not meet the substantive requirements of § 1303.512 and, thus, her COM is does not meet the requirements of Pennsylvania Rule 1042.3 with respect to Plaintiff's professional negligence claims against Moving Defendants. Accordingly, Moving Defendants' motion to dismiss the professional negligence claim is granted.

Moving Defendants also move to dismiss Plaintiff's professional negligence claims on the basis that Plaintiff has not pled facts sufficient to assert a plausible negligence claim against them. In response, Plaintiff merely points to her COM—which, as discussed above, fails to meet the substantive requirements of Pennsylvania Rule 1042.3—and to a statement purportedly released by the American Nurses Association and Pennsylvania Nurses Association to the effect that Defendants' conduct was "unethical, unprofessional, and unacceptable." (*See* Pl.'s Resp., ECF 13, at p. 6). It is well-settled, of course, that Plaintiff must allege facts, not conclusions, to support her claims. *See Iqbal*, 556 U.S. at 678. The COM—which fails to meet the substantive requirements of Pennsylvania Rule 1042.3—and the public statement of the referenced nurses' associations contain only conclusions, not alleged facts. As such, Plaintiff's reliance on these collections of conclusions is insufficient to meet her pleading burden.

### Negligent Infliction of Emotional Distress (Count II)

At Count II of the amended complaint, Plaintiff asserts a claim for negligent infliction of emotional distress ("NIED") against Moving Defendants premised on the same allegations as Plaintiff's negligence claims. Moving Defendants argue that Plaintiff's allegations do not satisfy the narrow circumstances or requirements necessary for an NIED claim under Pennsylvania law.

Pennsylvania courts have recognized claims for NIED in four distinct circumstances. That is, a plaintiff must allege facts to plausibly show that (1) the defendant "had a contractual or fiduciary duty toward him," (2) the plaintiff "suffered a physical impact," (3) the plaintiff "was in a 'zone of danger' and at risk of an immediate physical injury," or (4) the plaintiff "had a contemporaneous perception of tortious injury to a close relative." *Doe v. Phila. Cmty. Health Alts. Aids Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000), *aff'd*, 767 A.2d 548 (Pa. 2001). A plaintiff must also plead severe emotional distress. *Id.*

In *Toney v. Chester County Hospital*, the Supreme Court of Pennsylvania split evenly as to whether to allow NIED claims based on contractual or fiduciary duties absent a physical impact. 36 A.3d 83 (Pa. 2011). The leading opinion in *Toney* concluded that claims premised on such "special relationships" do not require a physical impact. *Id.* at 85.[2] However, as the court further explained:

> NIED is not available in garden-variety "breach of contractual or fiduciary duty" cases, but only in those cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress.

*Id.* Such a special relationship "must encompass an implied duty to care for the plaintiff's emotional well-being." *Id.* at 95. Guided by *Toney*, Pennsylvania courts have recognized qualifying special relationships only in extremely limited circumstances, including doctor-patient

---

[2]     While *Toney* is not binding precedent, federal and state courts have consistently looked to the state Supreme Court Justice Max Baer's opinion as persuasive authority on the scope of this tort under Pennsylvania law. *See, e.g.*, *Snyder v. West Penn Allegheny Health Sys.*, 2014 Pa. Dist. & Cnty. Dec. LEXIS 10808, at *4 (Pa. Ct. Com. Pl. Feb. 19, 2014) ("Subsequent Courts have not hesitated to rely upon and apply both the holding of *Toney* and Justice Baer's language and analysis."); *Hershman v. Muhlenberg Coll.*, 17 F. Supp. 3d 454, 460 (E.D. Pa. 2014) ("If the Supreme Court were to permit special relationship NIED claims, I predict it would do so by adopting the narrow grounds announced by the lead justices in *Toney*.").

relationships.  *See MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 593 (W.D. Pa. 2019) ("Since *Toney*, Pennsylvania courts have only found certain doctor/patient relationships . . . and one between an adoption agency and adoptive parents to support such a claim, declining to extend liability any further.").

Here, Plaintiff has alleged the existence of such a special relationship, *i.e.*, a physician-patient relationship between Plaintiff and Dr. Geifman-Holtzman.  However, an NIED claim also requires factual allegations sufficient to plausibly show a breach of the duty of care owed by the medical provider to the patient.  *Id.* at 84-85.  To meet this requirement, Plaintiff again relies solely on her reference to the conclusions and opinions contained in the Nurses Association statement referenced in the amended complaint.  (*See* Pl.'s Resp., ECF 13, at p. 7).  Such conclusions and opinions are not facts and, thus, are insufficient to meet Plaintiff's pleading burden.  Accordingly, Moving Defendants' motion to dismiss Count II is granted.

### *Breach of Contract (Count III)*

At Count III of the amended complaint, Plaintiff asserts a breach of contract claim against Moving Defendants premised on her allegation that these Defendants failed to provide her proper medical treatment.  Moving Defendants move to dismiss this claim on the basis that Plaintiff has failed to allege facts to meet any of the pleading requirements, including those particular to contract claims asserted against physicians.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege facts sufficient to plausibly show "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages."  *Telwell v. Grandbridge Real Estate Cap., LLC*, 143 A.3d 421, 427 (Pa. Super. Ct. 2016).  In the context of a medical professional negligence action (like this case), a breach of contract claim against a medical

provider is only recognized where the parties have contracted for a specific result. *Kershak v. Pa. Hosp.*, 1995 WL 50056, at *3 (E.D. Pa. Feb. 3, 1995) (citing *Murray v. Univ. of Pa. Hosp.*, 490 A.2d 839, 841 (Pa. Super. Ct. 1985)).

A careful review of Plaintiff's amended complaint reveals that it is devoid of any facts from which one could discern either the essential terms of a contract or a breach by either of the Moving Defendants of any contractual terms. Further, Plaintiff does not allege any facts that could plausibly show a contract for a specific result. Notably, in response to Moving Defendants' arguments, Plaintiff again merely relies upon her reference to the conclusions and opinions contained in the Nurses Association statement referenced in the amended complaint. (*See* Pl.'s Resp., ECF 13, at pp. 7-8). Such conclusions and opinions are not facts and, thus, are insufficient to meet Plaintiff's pleading burden. Accordingly, Moving Defendants' motion to dismiss Count III is granted.

### *Racial Discrimination in Violation of § 1981 (Count IV)*

At Count IV of the amended complaint, Plaintiff asserts claims for racial discrimination under 42 U.S.C. § 1981 premised on Plaintiff's allegation that Moving Defendants discriminated against her on the basis of her race in providing inadequate medical care. Moving Defendants move to dismiss these claims arguing that Plaintiff has failed to allege facts to plausibly show or from which one could reasonably infer that Moving Defendants deprived her of adequate medical care because of her race.

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ." 42 U.S.C. § 1981. To state a claim under § 1981, a plaintiff must allege facts sufficient to meet each of the following elements: (1) that Plaintiff "is a member of a racial minority; (2) intent to discriminate on the basis of race

by the defendant; and (3) discrimination concerning one or more of the activities enumerated" in § 1981. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). "The Supreme Court has made clear that Section 1981 reaches only purposeful discrimination." *Tucker v. City of Phila.*, 2017 WL 5010032, at \*3 (E.D. Pa. Nov. 2, 2017) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389, 391 (1982)). "Conclusory allegations of generalized racial bias do not establish discriminatory intent." *Flagg v. Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992), *aff'd*, 998 F.2d 1002 (3d Cir. 1993). The requisite inference of discrimination can be supported in a number of ways, including pleading facts of similar racial discrimination of others in the same protected class, similarly situated individuals of an unprotected class being treated differently, or direct discrimination. *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 n.2 (3d Cir. 2010).

Moving Defendants argue that Plaintiff has failed to allege facts sufficient to plausibly show or from which one could reasonably infer that Moving Defendants subjected Plaintiff to negligent medical care because of her race. In response, Plaintiff argues that she satisfied her pleading burden by pleading that "Defendants' acts and omissions occurred because she is an African American woman." (*See* Pl.'s Resp., ECF 13, at p. 9). At best, Plaintiff's allegations of racial discrimination amount to mere legal conclusions, not the factual allegations necessary to meet her pleading burden. *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (explaining that on a motion to dismiss, the court does not "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation"). Because Plaintiff has alleged no facts that could plausibly give rise to the inference that Moving Defendants discriminated against her on the basis of her race, she has not stated a claim for racial discrimination under § 1981.

***Affordable Care Act Claim (Count V)***

At Count V of the amended complaint, Plaintiff asserts a claim of discrimination under § 1557 of the Affordable Care Act that is identical to her claim for racial discrimination.  Like Plaintiff's claim under § 1981, Plaintiff's Affordable Care Act claim requires the allegation of facts sufficient to plausibly show or from which one could reasonably infer that Moving Defendants discriminated against her on the basis of her race when providing inadequate medical care.  *See Se. Pa. Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 701 (E.D. Pa. 2015). For the same reasons set forth above, Plaintiff's amended complaint is devoid of any such facts. Accordingly, Moving Defendants' motion to dismiss this claim is granted.

***Assault, Battery, and Intentional Infliction of Emotional Distress (Counts VI, VII, and IX)***

At Counts VI, VII, and IX of the amended complaint, Plaintiff asserts claims for assault, battery, and intentional infliction of emotional distress against Moving Defendants premised on allegation that Moving Defendants are vicariously liable for the alleged intentional torts committed by Defendant Nurse Smigo.  Moving Defendants move to dismiss these claims on the basis that Plaintiff has not alleged facts sufficient to assert these claims under a vicarious liability theory. Notably, Plaintiff provides no response to this argument.

Under Pennsylvania law, an employer may only be liable for the intentional torts of its employee where the employee's tortious conduct was conducted within the scope of that employee's employment and the employer has control over the employee's physical conduct in the performance of the services.  *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979); *Black v. Field Asset Servs., LLC*, 2018 WL 5264319, at *3 (E.D. Pa. Oct. 23, 2018). Here, Plaintiff alleges in conclusory fashion that Defendant Nurse Smigo was Moving Defendants' "employee."  (Am. Compl., ECF 9, at ¶ 19).  Plaintiff's amended complaint is devoid, however,

of any facts to substantiate that conclusion or to plausibly show that Moving Defendants controlled Defendant Nurse Smigo's physical conduct or that her conduct occurred within the scope of her employment.  In the absence of any such facts, Plaintiff's intentional tort claims (assault, battery, and intentional infliction of emotional distress) against Moving Defendants are insufficiently pled. Accordingly, Moving Defendants' motion to dismiss these claims is granted.

### *Negligent Hiring, Training, Supervision, and Retention (Count VIII)*

At Count VIII of the amended complaint, Plaintiff asserts a claim against Moving Defendants for negligent hiring, training, supervision, and retention, premised on Moving Defendants' purported negligence in hiring, training, supervising, and retaining Defendant Nurse Smigo.  While Pennsylvania courts have recognized such claims, they are grounded on the same requirements as ordinary negligence claims premised on omissions.  *See Coath v. Jones*, 419 A.2d 1249, 1250 (Pa. Super Ct. 1980); *Burns v. SeaWorld Parks & Entertainment, Inc.*, 2023 WL 3821810, at *10 (E.D. Pa. June 5, 2023).  To assert a viable claim, a plaintiff must allege, *inter alia*, that the defendant employer knew or should have known of the unreasonable risk of harm posed by hiring or retaining the employee or failing to train or supervise the employee.  *Coath*, 419 A.2d at 1250; *Burns*, 2023 WL 3821810, at *10-11.  Plaintiff alleges no such facts here, instead focusing solely on her allegation that she rarely saw Dr. Geifman-Holtzman at the clinic.  (Pl.'s Opp., ECF 13, at p. 10).  Dr. Geifman-Holtzman's alleged absence from the health care facility alone falls woefully short of meeting Plaintiff's pleading burden with respect to this claim. Accordingly, Moving Defendants' motion to dismiss this claim is granted.

**CONCLUSION**

For the reasons set forth above, Moving Defendants' motion to dismiss is granted with respect to Plaintiff's claims.  An Order consistent with this Memorandum Opinion follows.


*NITZA I. QUIÑONES ALEJANDRO*, J.